IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS COULTER,

      Plaintiff,

vs.                             Case No. 12-1159-JTM

RUSTY ECK FORD/TALX UC EXPRESS, ET AL.,

      Defendants.

MEMORANDUM AND ORDER

This is an employment discrimination action brought by Chris Coulter against defendant Rusty Eck Ford, denominated in Coulter's *pro se* Complaint as "Rusty Eck Ford/Talx UC Express." The matter is before the court on Rusty Eck's Motion to Dismiss (Dkt. 10) the action pursuant to Fed.R.Civ.Pr. 12(b)(6).

Coulter's Complaint alleges that he worked for Rusty Eck in 2010 when he asked for a leave of absence to have back fusion surgery, and to give his immune system time to produce an increased CD 4 and T-cell count, since he allegedly has HIV. The defendant told Coulter that he was not eligible for FMLA leave at that time, but approved unpaid leave.

After being absent from work for more than two months, Coulter told Rusty Eck that he did not know when (or if) he would ever be able to return in the future. The

Complaint alleges that when it became clear he might never return from his leave of absence, Rusty Eck terminated his employment on or about September 3, 2010. The Complaint expressly acknowledges that the termination decision was reasonable. (Dkt. 1, at 4).

Coulter does not complain of an improper termination of his employment at Rusty Eck Ford. His Complaint states that "Plaintiff does not disagree with the company releasing him on September 3 [as] Plaintiff knew he could not work and was unsure of when and how he was going to have back surgery." The Complaint does not assert any particular cause of action in detail, but merely concludes: "To sum up a majority of what the Plaintiff is suing for is the Plaintiff's Civil rights and violation of the Plaintiff's Privacy Act," as well as "discrimination under the United States Civil rights Act, Title VII, and Civil Conspiracy to violate plaintiff's civil rights; and Intentional or negligent infliction of emotional distress." (*Id*. at 1, 3). He also later briefly mentions defamation. (*Id*. at 8).

The essential underlying complaint seems to be that certain Rusty Eck personnel started "rumors" that Coulter had AIDS and would not be returning to work. (*Id*. at 2-3). He claims that these rumors forced him to disclose his condition to his family, resulting in severe emotional distress. However, he admits that he had already "told a handful of [his] closest friends about [his] condition," and that he is merely "assuming" the rumors of his HIV status began with his leave from Rusty Eck. (*Id*. at 2, 6).

As the defendant notes, there appears to be a credible basis for denying Coulter the liberal pleading standards ordinarily extended to *pro se* litigants. Coulter has previously

sought an extension of deadlines because he needed to "get [his] Counsel from California and Kansas on the phone together at the same time," and that he would need further time in order to "choose [his] *final* counsel" (Dkt. 12, at ¶ 3) (emphasis added). Taken at his word, Coulter can only be understood to have acknowledged that he has received the advice and counsel of unnamed attorneys in the prosecution of the present action.

However, even if the standard liberal construction is applied, dismissal is still appropriate. A complaint must supply "enough facts to state a claim to relief that is plausible on its face," by which the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2006). This requirement is not satisfied by an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In resolving a motion to dismiss under Rule 12(b)(6) motion, the court will "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Board of County Com'rs,* 633 F. 3d 1022, 1025 (10th Cir. 2011). But this deference does not arise where allegations in the complaint fail to meet the standards set forth in *Twombly* and *Iqbal*. Even when dealing with *pro se* litigants, the court cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). *See also Ferluga v. Eickhoff*, 408 F. Supp. 2d 1153, 1158 (D. Kan. 2006).

3

Coulter's Complaint fails to meet these standards. While it supplies various labels as to various statutory rights, it provides no explanation as to *how* the defendant violated his rights. Indeed, with respect to his apparent Title VII claim, Coulter explicitly acknowledges that the decision to terminate his employment after he could not return to work was appropriate. In none of his pleadings does Coulter explain how Rusty Eck engaged in any unlawful employment practice within the meaning of Title VII.

Similarly, Coulter asserts claims of the wrongful infliction of emotional distress by Rusty Eck, but he pleads none of the required elements of these claims. To the contrary, he acknowledges that he has nothing more than an assumption that the "rumors" of his HIV status had anything to do with Rusty Eck. And while Coulter also mentions negligence and civil conspiracy in his Complaint, the remainder of the pleading is free from any reference to the elements of those offenses, or how Rusty Eck was responsible for them.

Because the Complaint fails to offer anything beyond pure labels and lack any underlying claims fo fact which would render the Complaint "plausible on its face," dismissal is appropriate. *Twombly*, 550 U.S. at 570.

IT IS ACCORDINGLY ORDERED this 8th day of January, 2013, that the defendant's Motion to Dismiss (Dkt. 10) is hereby granted.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
