IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS COULTER,

      Plaintiff,

      vs.                            Case No. 12-1159-JTM

RUSTY ECK FORD/TALX UC EXPRESS, ET AL.

      Defendants.

MEMORANDUM AND ORDER

This matter is before the court following the request of *pro se* plaintiff Chris Coulter that the court seal the case, with the understanding that this result "would remove this from the Internet and any future exposure." (Dkt. 20, at 1). The action was dismissed by the court on January 8, 2013.

Fed.R.Civ.Pr. 26(c) permits a court to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." However, such orders are issued only upon a showing of good cause, and Rule 26 is directed not at maintenance of the action generally, but for disputes involving discovery. Thus, Rule 26(c) does include sealing as one potential remedy, but it does so by authorizing the court to "requir[e] that a deposition be sealed" — not that the court may seal an entire

action.

The discretion to seal certain pleadings is limited both by the language of Rule 26 and "circumscribed by a long-established legal tradition" which values public access to court proceedings. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984). "The First Amendment access right extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm." *Tri-County Wholesale v. Wine Group*, 565 Fed.Appx. 477, 490 (6th Cir. 2012) (Gwin, J., concurring & dissenting in part, citations omitted).

Parties seeking to overcome the presumption in favor of public access bear the burden of showing some significant countervailing interest. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). *Mann* upheld the refusal seal plaintiff's complaint which raised various family issues as well as one family member's medical diagnosis. The Tenth Circuit noted that these privacy interests were limited because the underlying events were also related in separate probate court proceedings. Ultimately, the court was unconvinced that plaintiff's "privacy concern with respect to this information is sufficiently critical to outweigh the strong presumption in favor of public access to judicial records." *Id*.

The plaintiff has failed to meet this heavy standard. First, the present motion is untimely, since the action was filed more than three years ago, and the matter was dismissed well over three years ago. Publication of the facts has already occurred. Indeed,

the original Complaint itself alleges that the plaintiff was injured through the revelation of his condition to his family. (Dkt. 1, ¶ 8).

IT IS ACCORDINGLY ORDERED this 17th day of June, 2015, that the plaintiff's Motion to Seal (Dkt. 20) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
